UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DARNELL BLOUNT,

                          Plaintiffs,

                                                  11 CV 124 (BMC)

       -against-

THE CITY OF NEW YORK, CHRISTOPHER
McGUINESS, ROBERT MAYER, and
JOHN/JANE DOES 1 through 4,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEGAL FEES, COSTS AND EXPENSES


                                                     REIBMAN & WEINER

                                                     Attorneys for Plaintiff Darnell Blount

                                                     26 Court Street, Suite 1808
                                                     Brooklyn, New York 11242
                                                     (718) 522-1743

*Of Counsel*:
Michael B. Lumer, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DARNELL BLOUNT,

                            Plaintiffs,

                                                         11 CV 124 (BMC)

        -against-

THE CITY OF NEW YORK, et al.,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### Preliminary Statement

This case concerns allegations by the plaintiff that he was falsely arrested and assaulted by police officers following an automobile stop, and then again falsely arrested and assaulted the next day, while still in police custody. On June 1, 2011, defendant City of New York served an offer of judgment on plaintiff pursuant to Fed. R. Civ. P. 68 in the amount of $25,001, plus reasonable attorney's fees, expenses and costs to the date of the offer. *See* Docket entry of June 14, 2011, Document 13. Plaintiff accepted the offer of judgment on June 14, 2011, and filed his notice of acceptance that day. the same day. *Id.*

Plaintiff now moves for an award of attorney's fees, expenses and costs in the amount of $18,787.50, pursuant to Fed. R. Civ. P. 54 and the express terms of the defendant's offer of judgment.

2

## ARGUMENT

### POINT I

**THE FEES, COSTS AND EXPENSES
SOUGHT ARE REASONABLE AND SHOULD
BE AWARDED IN THEIR ENTIRETY**

A.  Legal Standard

The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which is a "presumptively reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see, e.g.*, *Rodriguez v. Pressler & Pressler, LLP*, 06 CV 5103 (BMC), 2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. Mar. 16, 2009); *Torres v. City of New York*, No. 07 Civ. 3473 (GEL), 2008 WL 419306 (S.D.N.Y. Feb. 14, 2008); *Wise v. Kelly*, No. 05 Civ. 5442 (SAS) (THK), 2008 WL 482399 (S.D.N.Y. Feb. 21, 2008). In a recent decision, *Perdue v. Kenny A.*, the Supreme Court reiterated that the lodestar method is "the guiding light of our fee-shifting jurisprudence." 130 S. Ct. 1662, 1672 (2010) (internal quotes and citations omitted). The Court further noted that this method was "readily administrable" and "objective"; and that "there is a strong presumption' that the lodestar figure is reasonable." *Id.* at 1673.

A reasonable hourly rate is ordinarily determined by the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006), quoting *Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984). The relevant "community" from which this rate should be derived is "the district in which the court sits." *Polk v. New York State Dep't of Corr. Servs.,* 722 F.2d 23, 25 (2d Cir. 1983). Courts may rely upon its own knowledge of

private firm hourly rates in deciding what reasonable rates are in the community. *See Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

The plaintiff is entitled to recover his legal fees based on an evaluation of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. In this case, both counsel's rate and the amount of time spent on the litigation are reasonable, and thus plaintiff should be permitted to recover the full amount sought.

B.  The Fees and Costs Sought are Reasonable

In May 2000 this Court ruled that the undersigned counsel's then-hourly rate of $400 "is reasonable and consistent with the rates of other attorneys of similar experience who practice in this district." *Chow v. City of New York*, 09 CV 1019 (BMC), 2010 U.S. Dist. LEXIS 51285 at 12 (citations omitted). Counsel's modest increase of $25 over the past year is reasonable, and his current rate of $425 is within the range of reasonable rates approved by this Court in the context of fee applications. *See, e.g.*, *Luca v. County of Nassau*, 698 F. Supp. 2d 296 (E.D.N.Y. 2010); *Morgenstern v. County of Nassau*, 04 CV 58 (ARL), U.S. Dist. 116602 (E.D.N.Y. Dec. 15, 2009); *Rodriguez v. Pressler & Pressler, LLP*, 06 CV 5103 (BMC), 2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. Mar. 16, 2009).

It is worth noting that the City of New York and the undersigned have engaged in negotiations over counsel's fees in other matters, and the City has never disputed counsel's rate, nor did they challenge his application in *Chow*. *See* Declaration of Michael Lumer, dated June 30, 2011 (the "Lumer Declaration"), at ¶ 8. Accordingly, counsel's hourly rate of $425 should be approved.

4

The 43.1 hours expended by counsel are also reasonable. The facts of this case were somewhat complicated, particularly given the fact that there were two separate arrests by two different officers a day apart, leading to concurrent charges but with one period of incarceration. There were a significant number of medical records (for both plaintiff and defendant McGuinness), and both grand jury and criminal trial minutes to review. Indeed, counsel eventually reviewed over 700 pages of documents, while crafting pleadings, discovery demands and responses. There were many telephone conversations with defense counsel – including many for which plaintiff is not seeking reimbursement – to discuss scheduling, discovery, and other, similar issues. This was complicated by the production of various mental health records and the need to review initial assessments in the criminal proceedings that plaintiff was not competent to stand trial.

As reflected in counsel's time records, counsel annexed as Exhibit 1 to the Lumer Declaration, there was no excessive or unnecessary expenditures of time. While certain records had to be reviewed a second time to prepare for depositions and to ensure counsel had a proper grasp of the facts, every effort was made to work efficiently and quickly. This is borne out by the time records, which demonstrate a reasonable allocation of time to the various tasks at hand.

The request is not rendered any less reasonable because of its proportionality to the award. Preliminarily, the figures are not disproportional, even if they do not neatly fit into a First, it was the defendant's decision to wait to issue the offer of judgment. In light of the time allocated in the Court's case management schedule, the parties were compelled to perform a significant amount of work in a relatively short period of time. The defendant understood that it was producing hundreds of pages of documents, including medical records and transcripts, and

5

that plaintiff's counsel would have to immediately review and digest these records.  Having waited to make its offer, defendant City of New York cannot complain that plaintiff's counsel labored over the case in the interim.  Or, to put it differently, the offer of judgment was a contractual offering made by the City with the understanding that the defendant would be liable for all reasonable fees accrued as of the time of the offer.

Moreover, the Supreme Court has rejected a "rule of proportionality", *i.e.,* mechanistically linking the prevailing plaintiff's legal fees to the amount of damages a civil rights plaintiff actually recovers.  *See City of Riverside v. Rivera*, 477 U.S. 561, 574-575 (1986) ("Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.").  The Second Circuit has more recently held, "we have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir. 2005).

Finally, the Court should award plaintiff $470 in costs.  The filing fee of $350 and is a critical and unavoidable cost in the case, without which there would be no action, and the $120 spent for service of process on three defendants similarly necessary.  As the Hon. Joanna Seybert recently held, "[c]osts are ordinarily recoverable where they are 'incidental and necessary to the litigation.;" *Capone v. Patchogue-Medford Union Free Sch. Dist.*, 04 CV 2947, 2011 U.S. Dist. LEXIS 18194 at 14 (E.D.N.Y. Feb. 23, 2011), quoting, *Tips Exports, Inc. v. Music Mahal, Inc.*, 01 CV 5412, 2007 U.S. Dist. LEXIS 84399, at *11 (E.D.N.Y. Mar. 27, 2007).  Moreover, Judge Seybert found, "[t]hese costs routinely include filing fees, process servers, postage, travel,

and photocopying." *Id.; See also, Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC,* 553 F. Supp. 2d 201, 210-11 (E.D.N.Y. 2008) (reviewing numerous cases in which courts held that attorneys have a right to recover the costs of filing, service of process, photocopying, travel, postage, and express mail).

## **CONCLUSION**

For the foregoing reasons, the Court should award plaintiff the entirety of the legal fees requested, in the amount of $18,317.50, as well as costs in the amount of $470, for a total award of $18, 317.50.

Dated: Brooklyn, New York
      June 30, 2011

                              REIBMAN & WEINER
                              Attorneys for Plaintiffs

                              s/
              By:  _____
                              Michael B. Lumer (ML-1947)
                              26 Court Street, Suite 1808
                              Brooklyn, New York 11242
                              (718) 522-1743

To:    Kimberly Savino, ACC (By ECF)